UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

ROBERT Z. WHIPPLE III,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　No.:　3:21-CV-21-TAV-DCP
　　　　　　　　　　　　　　　　　　　)
LAUREL COUNTY　　　　　　　　　　　)
CORRECTIONAL CENTER, et al.,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)

**MEMORANDUM OPINION**

Plaintiff, a pretrial detainee confined at the Laurel County Correctional Center in London, Kentucky, has filed a civil rights complaint for, *inter alia*, violation of 42 U.S.C. § 1983 [Doc. 1], an emergency  motion for a temporary restraining order [Doc. 2], and a motion for leave to proceed *in forma pauperis* in this action [Doc. 5].

Plaintiff's complaint and emergency motion are filed against the Laurel County Correctional Center and its employees, and the claims contained in the complaint relate to conditions of Plaintiff's confinement therein.  The general venue statute for federal district courts provides in relevant part, as follows:

> A civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

defendant is subject to the court's personal jurisdiction with
respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

As noted above, Plaintiff's complaint set forth claims arising in the Laurel County

Correctional Center.  The Laurel County Correctional Center is located in Laurel County,

Kentucky, which lies within the judicial district for the Eastern Division of Kentucky.

28 U.S.C. § 97(a).  The Court therefore concludes that the proper venue for this case is in

the Eastern District of Kentucky.  Accordingly, the Clerk will be **DIRECTED** to transfer

this entire action to the Eastern District of Kentucky and **CLOSE** this Court's file.  *See*

28 U.S.C. § 1406(a) (providing federal district court may transfer a civil action to any

district or division where it could have been originally filed "in the interest of justice").

IT IS SO ORDERED.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE